[No. 15446.  Department Two.  December 3, 1919.]

*In the Matter of the Estate of* KATE SMITH.[1]

EXECUTORS AND ADMINISTRATORS (169)—SETTLEMENT OF ACCOUNT—
OPERATION AND EFFECT. The approval of an administrator's final ac-
count is not prevented by the pendency of an appeal upon a dis-
puted claim, the amount of which was deposited with the clerk to
abide the result of the suit; since by Laws 1917, p. 694, § 180, a final
settlement does not prevent subsequent letters in case other prop-
erty is discovered.

Appeal from an order of the superior court for King
county, Reynolds, J., entered February 10, 1919, ap-
proving the final account of an administrator, after a
hearing before the court.  Affirmed.

*W. W. Langhorne,* for appellant.

*O. J. Albers,* for respondent.

MOUNT, J. — This appeal is from an order of the
lower court approving the final account of the admin-
istrator of the estate of Kate Smith, deceased, and
finally closing that estate.  At the time the final ac-
count of the administrator was filed, the executor of
the estate of Samuel Chellew, deceased, filed objections
to the final settlement because of an unpaid claim of
$36.90, and because of certain litigation which had
been pending between the two estates.  On a hearing
of these objections to the final account of the adminis-
trator of the estate of Kate Smith, deceased, it ap-
peared that, while the claim for $36.90 and costs was
disputed, the amount of these costs had been deposited
with the clerk to abide the result of the dispute.  The
record also shows that thereafter this dispute was set-
tled and the amount was paid.  It also appeared, at
the time of the hearing of the final account, that the

[1] Reported in 185 Pac. 618.

litigation referred to had been determined by the lower court and that a notice of appeal had been given from its final judgment therein. The trial court thereupon settled the final account and ordered distribution of the estate. This appeal was taken from that order by the executor of the estate of Samuel Chellew, deceased.

Appellant argues that the court erred in settling the account and estate because of the provisions of § 179 of chapter 156 of the Laws of 1917, p. 693, which provides as follows:

"If there be any contingent or disputed claim against the estate, the amount thereof, or such part thereof as the holder would be entitled to, if the claim were established or absolute, shall be paid into the court, where it shall remain to be paid over to the party when he shall become entitled thereto; or if he fail to establish his claim, to be paid over or distributed as the circumstances of the case may require."

The item of cost above referred to was deposited as required by this section. If the litigation referred to may be said to be a contingent or disputed claim, that claim was adjudicated and disposed of, so far as the lower court was concerned, at that time. If the notice of appeal revived the disputed claim, we are at a loss to see wherein appellant was aggrieved by the final order settling the estate, because the next section of the act of 1917 (p. 694, § 180) provides:

"A final settlement of the estate shall not prevent a subsequent issuance of letters of administration, should other property of the estate be discovered, or if it should become necessary and proper from any cause that letters should be again issued."

So that no right was lost to appellant should he be successful on the appeal in that case.

The order appealed from is therefore affirmed.

HOLCOMB, C. J., TOLMAN, and BRIDGES, JJ., concur.